IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Case No.  2:26-CV-04576

MINDEN PICTURES, INC.,

    Plaintiff,

v.

NATIONAL KITCHEN & BATH
ASSOCIATION d/b/a KBIS,

    Defendant.

## COMPLAINT

Plaintiff Minden Pictures, Inc. ("Plaintiff") sues defendant National Kitchen & Bath Association d/b/a KBIS ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Aptos, California.

2.    Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 West Broad Street, Suite #300, Bethlehem, PA 18018. Defendant's agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction."  Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015).  In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court."  RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### I.      Plaintiff's Business and History

6.      Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

7.      Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

8.      Plaintiff also features images of human interaction with the natural world highlighting scientific research, conservation, environmental issues, indigenous peoples, and eco-travel.

9.      Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

### II.      The Work at Issue in this Lawsuit

10.      Pete Oxford and Tui De Roy are some of the many photographers represented by Plaintiff.

11.      Pete Oxford is a wildlife filmmaker and nature photographer. Before launching his

2

career in photography, he studied marine zoology. Mr. Oxford's career began in tourism in 1987 while living in the Galapagos Islands, where he worked as a naturalist guide. Since then, Mr. Oxford has traveled to some of the world's most pristine and remote corners as a conservation photographer. He continues to create images of wildlife and native cultures with an emphasis that the conservation of one is inextricably linked to the other. Mr. Oxford is a Founder Fellow of the International League of Conservation Photographers, as well as a board member of the *Quito Vivarium* in Ecuador and SEVENSEAS Marine Conservation & Travel Magazine. He is a contributing photographer for the Annenberg Space for Photography and an official ambassador for Gitzo, Mindshift Gear, Voltaic Systems, and Catoma Tents. Mr. Oxford also works in partnership with various conservation-based nonprofit organizations, such as the *Oceanic Society, Bird Life International, Orianne Society, the MAR Alliance, and Equilibrio Azul*.

12. Tui De Roy is an award-winning wildlife photographer, naturalist, and author of many books on wildlife themes around the world. She is also an ardent conservationist who has combined her life's three passions, Wildness, Photography and Conservation, into a successful career as a world communicator striving to sensitize her audiences to take better care of our natural planet. Published in more than 40 countries, Ms. De Roy's first articles appeared in major U.S. nature magazines when she was 19, followed a few years later by her first book, *Galapagos: Islands Lost in Time* (Viking 1980). Many subsequent volumes cover not only the Galapagos Island, but other natural wonders of the world, notably Antarctica, the Andes Mountains, and New Zealand.

13. Mr. Oxford created a professional photograph of an upside-down jellyfish titled "00456176" (the "First Photograph"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the First Photograph, the corresponding US Copyright Office registration number for

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

such photograph, and one or more screenshots of the alleged infringement of such photograph.

14.     Mr. Oxford is the owner of the First Photograph and has remained the owner at all times material hereto.

15.     Ms. De Roy created a professional photograph of a blue-footed booby plunge diving titled "00531713" (the "Second Photograph"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Second Photograph, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

16.     Ms. De Roy is the owner of the Second Photograph and has remained the owner at all times material hereto.

17.     The First Photograph and Second Photograph are collectively referred to herein as the "Work."

18.     The photographs comprising the Work were registered by their respective photographer/owner with the Register of Copyrights and were assigned a registration number thereby. True and correct copies of the Certificates of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

19.     For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

copyright infringement. See 17 U.S.C. § 501(b).

### III.    Defendant's Unlawful Activities

20.    Defendant promotes on its business website to operate as "North America's leading trade association for the kitchen and bath industry." Defendant claims ownership of the Kitchen & Bath Industry Show (KBIS), an interactive platform that highlights approximately 600 exhibitors who showcase the latest products, tech, and trends in the field.

21.    Defendant advertises/markets its business primarily through its websites (e.g., https://nkba.org/ and https://kbis.com/), social media (e.g., https://www.facebook.com/thenkba/, https://www.facebook.com/KitchenBathIndustryShow?ref=ts, https://x.com/kbis, https://www.instagram.com/thenkba/, https://www.instagram.com/kbis_official/, https://www.youtube.com/user/KitchenBathShow, pinterest.ca/kbis_official, threads.net/@kbis_official, https://www.linkedin.com/company/nkba/, and https://www.linkedin.com/showcase/kbis2025/), and other forms of advertising.

22.    On February 12, 2017 (after Mr. Oxford's above-referenced copyright registration of the First Photograph), Defendant displayed and/or published the First Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

23.    On March 11, 2017 (after Ms. De Roy's above-referenced copyright registration of the Second Photograph), Defendant displayed and/or published the Second Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

24.    A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

25.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

26.     Defendant utilized the Work for commercial use.

27.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

28.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in October 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

29.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 29 as set forth above.

31.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

32.     Mr. Oxford owns a valid copyright in the First Photograph, having registered the First Photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

33.     Ms. De Roy owns a valid copyright in the Second Photograph, having registered the Second Photograph with the Register of Copyrights and owning sufficient rights, title, and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

34.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

35.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or printed media.

36.    Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

37.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

38.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its websites ("©2025 National Kitchen & Bath Association" and "© 2025 Emerald X, LLC. All Rights Reserved."), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its websites. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

39.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

40.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

41.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

42.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

43.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

Dated: July 1, 2026.                    COPYCAT LEGAL PLLC
                                         3111 N. University Drive
                                         Suite 301
                                         Coral Springs, FL 33065
                                         Telephone: (877) 437-6228
                                         dan@copycatlegal.com

                                         By: /s/ Daniel DeSouza
                                               Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228